# Miller v. Patton

*Richard Roberts*, for plaintiffs.
*James K. Thomas, II*, for defendant Harasym.

KREHEL, *P. J.*, July 5, 1978—This medical malpractice case was commenced by plaintiffs on January 26, 1976, by filing of a praecipe for a writ of summons in trespass. The complaint was subsequently filed on October 15, 1976, as a result of defendants' rule to file a complaint.

On October 26, 1976, interrogatories were propounded upon plaintiffs by defendant E. Lawrence Harasym. Plaintiffs then filed objections to 16 of these interrogatories. All objections except one have since been resolved by agreement of counsel. This single unresolved objection, no. 7 on plaintiffs' list, is directed at interrogatory no. 42.

Interrogatory 42 requests plaintiffs to state "in detail the facts which support each and every allegation contained in Paragraph 10[1] of plaintiffs complaint as the allegations relate to defendant, E. Lawrence Harasym, M.D."

Paragraph 10 of plaintiffs' complaint alleges that defendant physicians, Dr. Harasym and Dr. Wright, were negligent in that they: (a) failed to adequately supervise; (b) failed to make adequate and proper inspections of the patient and the intravenous sites; (c) failed to detect the infiltration of liquids; (d) failed to issue proper and adequate instructions regarding the detection and management of such infiltration; (e) failed to institute prompt and proper corrective measures; (f) failed to determine plaintiff's susceptibility to allergic reactions; and (g) failed to do other things which might later be discovered.

It is plaintiffs contention that the factual basis of paragraph 10 is shielded by Pa.R.C.P. 4011(d), i.e., that the requested information was secured in anticipation of litigation or in preparation for trial. We disagree.

An issue almost identical to this was decided by the Bucks County Court of Common Pleas in the case of Gray v. Oech, 49 D. & C. 2d 358 (1970). There the court quoted the following from Bruaw v. Weaver, 68 York 13, 15 (1954):

"We think that a physician charged with negligence and unskillfulness in the practice of his profession is entitled to be advised of the specific acts of commission or omission which constitutes the

1. Due to a typographical error, the interrogatory as filed made reference to paragraph 12 of plaintiffs' complaint.

negligence and unskillfulness complained of, so that plaintiff's proof may be confined to such acts, and so that he may reasonably prepare for his defense." 49 D. & C. 2d at 361.

We agree with this line of reasoning. We are mindful, however, of the observable fact that, in a medical malpractice suit, a plaintiff is frequently not in a position to supply the information requested until he has had an opportunity to complete his own pretrial discovery.

Indeed, it would be most impractical and unfair to require these plaintiffs to answer interrogatory 42 before they have had an opportunity to secure the information required to formulate such an answer through the discovery process.

Accordingly, we enter the following.

### ORDER

And now, July 5, 1978, plaintiffs' objections to interrogatory 42 propounded by defendant E. Lawrence Harasym are hereby denied.

It is ordered and directed that plaintiffs answer such interrogatory within 30 days following the completion of their own pre-trial discovery.